# Exhibit A

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/16/2022 2:26 PM
KATHLEEN VIGIL CLERK OF THE COURT
Veronica Romero-Padilla

**STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT**

**JOHN MOLLEUR, on behalf of himself
and others similarly situated,**

No.    D-101-CV-2022-01491
Case assigned to Sanchez-Gagne, Maria

          **Plaintiffs,**

**v.**

**NES GLOBAL, LLC,**

          **Defendant.**

## ORIGINAL CIVIL CLASS ACTION COMPLAINT

### I. SUMMARY

1.    Plaintiff John Molleur (Plaintiff) brings this lawsuit individually and on behalf of all current and former employees (the 'Class Members' and/or 'New Mexico Class Members') who worked for Defendant NES Global, LLC (NES) and were paid straight time for overtime – that is, paid the same hourly rate for all hours worked each week, including those over 40. Plaintiff brings this action to recover unpaid overtime wages and other damages from NES under the New Mexico Minimum Wage Act, N.M.S.A §§ 50-4-19 *et. seq* (NMMWA).

2.    This lawsuit includes a Rule 1-023 NMRA class action pursuant to the laws of New Mexico to recover unpaid wages, overtime compensation, and other applicable penalties.

3.    Plaintiff and the Class Members worked for NES.

4.    Plaintiff and the Class Members regularly worked for NES in excess of forty (40) hours each week.

5.    But NES did not pay them overtime of at least one and one-half their regular rates ("full overtime") for all hours worked in excess of forty (40) hours per workweek.

6.      Instead of paying overtime as required by the NMMWA, NES paid Plaintiff and the Class Members the same hourly rate for all hours worked, including those in excess of 40 in a workweek (paid "straight time for overtime"). This practice violates the overtime requirements of the NMMWA. *See* N.M.S.A §§ 50-4-19 *et. seq.*

7.      NES's decision not to pay overtime compensation to Plaintiff and the Class Members was neither reasonable nor in good faith. Rather, NES knowingly and deliberately failed to compensate Plaintiff and the Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

8.      Plaintiff seeks to recover all unpaid overtime and other damages owed under the NMMWA, individually, and on behalf of the Class Members as a class action pursuant to Rule 1-023 NMRA and to N.M.S.A. § 50-4-26.

## II. THE PARTIES

9.      Plaintiff is presently and was at all relevant times a citizen and resident of Bernalillo, Sandoval County, New Mexico.

10.     Plaintiff worked for NES from approximately June 2020 until approximately July 2021 as a QC Consultant.

11.     Throughout his employment with NES, Plaintiff was staffed by NES to a worksite in Los Alamos County, New Mexico.

12.     Throughout his employment, NES paid Plaintiff the same hourly rate for all hours worked, including those in excess of 40 in a workweek (paid "straight time for overtime").

13.     Plaintiff brings this action on behalf of himself and all similarly situated workers who were paid by NES's straight time for overtime pay plan.  In paying these workers straight time for overtime, NES failed to pay them full overtime for all hours that they worked in excess of 40 hours

in a workweek in violation of the NMMWA.

14.     The proposed class of similarly situated workers consists of:

**All current and former employees of NES who were paid straight time for overtime in New Mexico during the past three (3) years ("Class Members").**

15.     The identities of the Class Members can be readily ascertained from NES's records.

16.     Defendant NES is a Texas corporation, that has, at all times relevant to this suit, transacted business in the State of New Mexico, but has failed to designate a registered agent for service of process. Pursuant to N.M.S.A. § 38-1-6, service of process may be obtained by serving the New Mexico Secretary of State with two copies of the process in this cause. The New Mexico Secretary of State will then complete service by serving its registered agent for service of process in Texas: CT Corporation System, 1999 Bryan Street Suite 900, Dallas, TX 75201.

### III. JURISDICTION AND VENUE

17.     Jurisdiction over the parties and the subject matter herein is proper with this Court pursuant to Article VI of the New Mexico Constitution and the New Mexico long-arm statute, NMSA, Section 38-1-16.

18.     This Court has original subject matter jurisdiction over this matter under the NMMWA as a cause of action arising under the laws of the state of New Mexico.

19.     This Court has specific jurisdiction over Defendant NES based on Defendant NES's substantial operations in New Mexico, and its contacts with and conduct directed toward New Mexico, and is subject to the court's personal jurisdiction with respect to the civil action in question.

20.     Venue is proper in Santa Fe County, New Mexico pursuant to NMSA § 38-3-1(F) because Defendant NES failed to designate a registered agent in New Mexico.

21.     Bringing a class action under Rule 1-023 NMRA is proper in this matter and for this court because Defendant's straight time for overtime pay plan gives rise to common questions of law

and fact among the potential Class Members, and because the amount in controversy is under five million dollars, and because the size of the class is less than one hundred (100) members.

## IV. ADDITIONAL FACTS

22.     NES is a staffing company that provides recruitment services to the oil and gas industry, among others.

23.     NES staffs workers to numerous clients and worksites in New Mexico, including sites near Los Alamos, Loving, Hobbs, and Carlsbad in New Mexico.

24.     To complete its business objectives, NES hires personnel (like Plaintiff) to perform services for its customers, to staff its worksites and further NES business interests in various locations, New Mexico among them.

25.     For example, NES hired Plaintiff to provide services at a worksite for NES client Siemens. This worksite is in Los Alamos, New Mexico.

26.     Throughout Plaintiff's employment with NES, NES paid him on a straight time for overtime basis, wherein Plaintiff was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a day or week.

27.     During his time with NES, Plaintiff regularly worked 10 hours or more nearly every day, often for weeks on end.

28.     Plaintiff is one of many workers that NES employed in New Mexico during the relevant time period.

29.     NES employed many others like Plaintiff who were paid straight time for overtime by NES while working in New Mexico.

30.     All of these New Mexico NES employees are or were subjected to the same or similar illegal pay practice – NES's straight time for overtime pay plan – for similar work.

4

31.     These individuals comprise the members of the proposed Class under Rule 1-023 NMRA.

32.     During the past three years (the relevant period), like Plaintiff, these Class Members worked for NES according to its straight time for overtime pay plan.

33.     During the relevant period, these Class Members were not paid full overtime for the hours they worked for NES in excess of 40 hours each week.

34.     Like Plaintiff, the Class Members regularly worked more than 40 hours each week, and often worked 60 or more hours in a given week.

35.     While exact job titles and job duties may differ, NES subjected the Class Members to the same or similar illegal pay practices for similar work.

36.     NES was in control of the work schedules of Plaintiff and the Class Members.

37.     Plaintiff's work schedule is typical of the Class Members.

38.     Plaintiff and the Class Members were not employed on a salary basis and never received a salary for the work they performed for NES.

39.     Instead, Plaintiff and the Class Members received the same hourly rate of pay regardless of the number of hours or days they worked in a week, even if they worked more than 40 hours in a workweek.

40.     Plaintiff and the Class Members were employees of NES.

41.     At all relevant times, NES maintained control, oversight, and direction of Plaintiff and the Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

42.     NES controlled Plaintiff's and the Class Members' pay and determined the amount and type of compensation paid to Plaintiff and the Class Members.

43.     All of the Class Members worked similar hours and were denied full overtime compensation as a result of the same illegal pay practice.

44.     NES uniformly denied Plaintiff and the Class Members full overtime pay for the hours they worked in excess of 40 hours in a single workweek.

45.     The NMMWA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for hours worked in excess of 40 in any week. *See* N.M.S.A. § 50-4-22.

46.     NES violated the NMMWA because NES, via its broadly applied and illegal straight time for overtime pay plan, denied Plaintiff and the Class Members of full and proper overtime pay for the hours they worked in excess of 40 in a single workweek.

47.     NES knew Plaintiff and the Class Members worked more than 40 hours in a week.

48.     NES knew, or showed reckless disregard for whether, Plaintiff and the Class Members were or were not exempt from the NMMWA's overtime provisions.

49.     NES knew, or showed reckless disregard for, whether the Class Members were entitled to overtime under the NMMWA.

50.     NES utilized a straight time for overtime pay plan despite clear and controlling law that states that Plaintiff and the Class Members were NES's ***non-exempt*** employees.

51.     Accordingly, NES's pay policies and practices blatantly violated (and continue to violate) the NMMWA.

### V. CAUSE OF ACTION: NMMWA VIOLATIONS

52.     Plaintiff incorporates all preceding paragraphs.

53.     At all times hereinafter mentioned, NES was and is an employer within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-1; *see also* N.M.S.A. § 50-4-21.

6

54.     At all times hereinafter mentioned, NES was and is an enterprise in business within the meaning of the NMMWA.

55.     At all relevant times, NES has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

56.     Plaintiff brings this claim under the NMMWA as a Rule 1-023 NMRA class action on behalf of himself and others similarly situated pursuant to N.M.S.A. § 50-4-26(d).

57.     The proposed class of similarly situated workers consists of:

**All current and former employees of NES who were paid straight time for overtime in New Mexico during the past three (3) years ("Class Members").**

58.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of NES.

59.     At all relevant times, Plaintiff and each New Mexico Class Member have been "employees" within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-21(c).

60.     NES's conduct and application of its straight time for overtime pay plan violates the NMMWA. *See* N.M.S.A. § 50-4-22.

61.     NES uniformly applied its policy of paying its Class Members, including Plaintiff, straight time for overtime.

62.     NES applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or number of hours worked per week.

63.     NES's practice of paying straight time for overtime, and in so doing, denying its employees full overtime compensation, violates the NMMWA.

64.     NES's uniform compensation scheme paying straight time for overtime without full overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the NMMWA.

65.     The NMMWA requires employers like NES to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 hours in any one week.

66.     Plaintiff and each member of the New Mexico Class are entitled to full overtime pay under the NMMWA, for all hours worked in excess of forty (40) in a single workweek.

67.     By paying its workers straight time for overtime, NES violated (and continues to violate) the NMMWA's requirement that it pays its employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

68.     As a result of this policy, NES and the Class Members did not and do not receive full overtime payment as required by the NMMWA.

69.     NES violated the NMMWA by failing to pay Plaintiff and other class members full overtime premiums for hours worked over forty (40) per week.

70.     In violating the NMMWA, NES acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

71.     Plaintiff and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of NES's acts or omissions as described herein; though NES is in possession and control of necessary documents and information from which Plaintiff and the New Mexico Class Members would be able to precisely calculate damages.

72.     Plaintiff and each member of the New Mexico Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek,

prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

73.     Plaintiff and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by NES, as provided by the NMMWA.

74.     The proposed class of similarly situated employees under Rule 1-023 NMRA, i.e., the New Mexico Class, sought to be certified pursuant to N.M.S.A. § 50-4-26(d), is defined in the foregoing paragraphs herein.

75.     The improper pay practices at issue were and are part of a continuing course of conduct, entitling Plaintiff and New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

## VI. CLASS ACTION ALLEGATIONS

76.     All previous paragraphs are incorporated as though fully set forth herein.

77.     Other similarly situated employees have been victimized by NES's patterns, practices, and policies, which are in willful violation of the NMMWA.

78.     NES has employed numerous similarly situated employees in New Mexico within the three-year period preceding the filing of this lawsuit.

79.     Plaintiff brings his NMMWA claims as a class action pursuant to Rule 1-023 NMRA on behalf of all similarly situated individuals employed by NES to work in New Mexico during the three-year period preceding the filing of the instant lawsuit, as is permitted by N.M.S.A. § 50-4-26(d).

80.     Class action treatment of Plaintiff's NMMWA claim is appropriate because, as alleged below, all of Rule 1-023's class action requisites are satisfied.

81.     The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

82.     Plaintiff is a member of the New Mexico Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

83.     Plaintiff and his counsel will fairly and adequately represent the class members and their interests.

84.     Plaintiff's claims share common issues of law and fact with the claims of the proposed Class Members.

85.     Class certification is appropriate under Rule 1-023 because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

86.     All of the Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

87.     Accordingly, the Class as defined in the foregoing paragraphs merits certification.

## VII. JURY DEMAND

88.     Plaintiff demands a trial by jury.

## VIII. RELIEF SOUGHT

89.     WHEREFORE, Plaintiff prays for judgment against NES as follows:

a.      For an Order certifying the New Mexico Class as defined herein, and designating Plaintiff and his counsel to represent the interests of the New Mexico Class;

b.      For an Order that Notice of the Class Action be sent to the Class Members;

c.      For an Order finding NES liable for all unpaid overtime to the New Mexico

Class under the NMMWA and awarding Plaintiff and the New Mexico Class back

wages that have been improperly withheld;

d.      For an Order finding NES liable for liquidated damages equal in amount to

the unpaid compensation found due to Plaintiff and the Class Members;

e.      For an Order awarding the costs and expenses of this action;

f.      For an Order awarding attorneys' fees;

g.      For an Order awarding pre-judgment and post-judgment interest at the highest

rates allowed by law;

h.      For an Order compelling the accounting of the books and records of NES, at

NES's own expense;

i.      For an Order providing for injunctive relief prohibiting NES from engaging

in future violations of the NMMWA, and requiring NES to comply with such New

Mexico wage and hour law going forward; and

j.      For an Order granting such other and further relief as may be necessary and

appropriate.

Date: August 12, 2022

                                    Respectfully submitted,

                                    **DURHAM, PITTARD & SPALDING, LLP**

                                    By: */s/ Justin R. Kaufman*
                                       Justin R. Kaufman
                                       Rosalind B. Bienvenu
                                       Caren I. Friedman
                                       505 Cerrillos Road, Suite A209
                                       Santa Fe, NM 87501

                                    11

Telephone: (505) 986-0600
Facsimile: (505) 986-0632
jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com
cfriedman@dpslawgroup.com

Michael A. Josephson *(pro hac pending)*
Andrew W. Dunlap *(pro hac pending)*
Alyssa White *(pro hac pending)*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

Richard J. (Rex) Burch *(pro hac pending)*
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

***Attorneys for Plaintiffs***

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/16/2022 2:26 PM
KATHLEEN VIGIL CLERK OF THE COURT
Veronica Romero-Padilla

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**JOHN MOLLEUR, on his own behalf and**          No.    D-101-CV-2022-01491
**on behalf of all similarly-situated employees,**

      **Plaintiffs,**

v.

**NES GLOBAL, LLC,**

      **Defendant.**

<u>**JURY DEMAND**</u>

     **COMES NOW** Plaintiff, **JOHN MOLLEUR**, on his own behalf and on behalf of all

similarly-situated employees, by and through his attorneys of record, and hereby demands a trial

by a twelve (12) jury in this cause of action, and tenders the appropriate fee with the filing of this

application.

                Respectfully submitted,

                **DURHAM, PITTARD & SPALDING, LLP**

                */s/ Justin R. Kaufman*
                Justin R. Kaufman
                Rosalind B. Bienvenu
                Caren I. Friedman
                505 Cerrillos Road, Suite A209
                Albuquerque, NM 87501
                Telephone: (505) 986-0600
                Facsimile: (505) 986-0632
                jkaufman@dpslawgroup.com
                rbienvenu@dpslawgroup.com
                cfriedman@dpslawgroup.com

                Michael A. Josephson *(pro hac pending)*
                Andrew W. Dunlap *(pro hac pending)*
                Alyssa White *(pro hac pending)*
                **JOSEPHSON DUNLAP LLP**
                11 Greenway Plaza, Suite 3050

Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

Richard J. (Rex) Burch *(pro hac pending)*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*Attorneys for Plaintiff*



## Service of Process Transmittal Summary

**TO:**   COURTNEY HOLDEN
NES GLOBAL TALENT
800 GESSNER RD STE 800
HOUSTON, TX 77024-4488

**RE:**   **Process Served in Texas**

**FOR:**   NES GLOBAL, LLC  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: John Molleur, on his own behalf and on behalf of all similarly-situated employees, // To: NES GLOBAL, LLC |
| **CASE #:** | D101CV202201491 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 09/19/2022 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Lowri Thomas  lowri.thomas@nesfircroft.com |
| | Email Notification,  COURTNEY HOLDEN  courtney.holden@nesgt.com |
| | Email Notification,  Jeffrey King  jeffrey.king@nesfircroft.com |
| | Email Notification,  TAYLOR BRISCOE  taylor.briscoe@nesfircroft.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1999 Bryan Street |
| | Suite 900 |
| | Dallas, TX 75201 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



New Mexico Secretary of State
325 Don Gaspar, Suite 300
Santa Fe, New Mexico 87501

7019 2970 0000 7595 7866



quadient
FIRST-CLASS MAIL
IMI
$007.92
09/14/2022 ZIP 87501
043M31223809

US POSTAGE

NES GLOBAL, LLC
c/o CT CORPORATION, REGISTERED AGENT
1999 BRYAN STREET, SUITE 900
DALLAS, TX 75201





STATE OF NEW MEXICO

**MAGGIE TOULOUSE OLIVER**

SECRETARY OF STATE

NES GLOBAL, LLC
c/o CT CORPORATION, REGISTERED AGENT
1999 BRYAN STREET, SUITE 900
DALLAS, TX 75201

STATE OF NEW MEXICO
**MAGGIE TOULOUSE OLIVER**
SECRETARY OF STATE

September 13, 2022

NES GLOBAL, LLC
c/o CT CORPORATION, REGISTERED AGENT
1999 BRYAN STREET
SUITE 900
Dallas, TX 75201

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED (7019 2970 0000 7595 7866)**

Dear Sir or Madam:

As provided by Section 38-1-6 NMSA 1978, service of process has been made on this office in Cause No. D-101-CV-2022-01491 of the First Judicial District Court, County of Santa Fe, State of New Mexico.

Enclosed is a copy of the ORIGINAL CIVIL CLASS ACTION COMPLAINT pursuant to the requirements of the statutory citation identified above. Your response to the enclosed should be directed to the plaintiff's attorney identified on the summons.

Best regards,

*Maggie Toulouse Oliver*

Maggie Toulouse Oliver
Secretary of State

**SUMMONS**

| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Ave.<br>Santa Fe, New Mexico  87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number:   D-101-CV-2022-01491<br><br>Assigned Judge:<br>Case assigned to Sanchez-Gagne, Maria |
|---|---|
| Plaintiffs:<br><br>John Molleur, on his own behalf and on behalf of all similarly-situated employees,<br><br>vs.<br><br>Defendant:<br><br>NES Global, LLC | Defendant:<br>NES Global, LLC, by and through the New Mexico Secretary of State<br><br>Address:<br>c/o New Mexico Secretary of State<br>325 Don Gaspar, Suite 300<br>Santa Fe, NM 87501<br><br>Name: NES Global, LLC<br>Address:<br>c/o Registered Agent:<br>CT Corporation<br>1999 Bryan Street, Suite 900<br>Dallas, Texas  75201<br><br>Constituting Service Upon: NES Global, LLC, pursuant to N.M.S.A. § 38-1-6. |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

3.       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 16  day of  August , 2022.

KATHLEEN VIGIL
CLERK OF DISTRICT COURT

By: *Veronica R. Padulla*

DURHAM, PITTARD & SPALDING, L.L.P.

*/s/Justin R. Kaufman*
Signature of Attorney for Plaintiff
Justin R. Kaufman
505 Cerrillos Rd., Suite A209
Santa Fe, NM 87501
Telephone No.: (505) 986-0600
Fax No.: (505) 986-0632

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

2

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**JOHN MOLLEUR, on his own behalf and on**          No. D-101-CV-2022-01491
**Behalf of all similarly-situated employees,**

                    **Plaintiffs,**

v.

**NES GLOBAL, LLC,**

                    **Defendant.**

                            **RETURN[1]**

STATE OF _____    )
                         )ss
COUNTY OF _____      )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business

                                3

or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons and
complaint by first class mail to the defendant at _____ (*insert defendant's last known
mailing address*).

[ ]    to _____, an agent authorized to receive service of process for
defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of
defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title
of person authorized to receive service. Use this alternative when the defendant is a corporation or
an association subject to a suit under a common name, a land grant board of trustees, the State of
New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____                    My commission expires:_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior
to service of the summons and complaint on the defendant.

2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the
signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective
March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court
Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

4