IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JOHN MOLLEUR, on behalf of himself and others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 1:22-cv-00777-JHR-SCY |
| NES GLOBAL, LLC, | § § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER TO
## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Defendant NES Global, LLC ("NES" or "Defendant") files this Answer and responds to the enumerated paragraphs in Plaintiff John Molleur's ("Plaintiff" or "Molleur") Original Class Action Complaint [Dkt. 5-2] (the "Complaint"), as follows:

## LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, NES asserts a general denial as to those allegations contained in the Complaint that are not clearly and specifically admitted in this Answer.

### I.    SUMMARY

1.    The allegations contained in Paragraph 1 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent an answer is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages on behalf of himself and an alleged group of others under the New Mexico Minimum Wage Act, N.M.S.A. §§ 50-4-19 *et. seq* ("NMMWA") but denies that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred and denies that any alleged group of similarly-situated others exist or that Plaintiff's claims are

proper for treatment as a class action. NES denies the remaining factual allegations, express or implied, contained in Paragraph 1 of the Complaint.

2.      The allegations contained in Paragraph 2 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 2 of the Complaint.

3.      NES admits that it temporarily employed Plaintiff from June 2020 to June 2021. NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action. NES denies the remaining factual allegations, express or implied, contained in Paragraph 3 of the Complaint.

4.      NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action. NES denies the remaining factual allegations, express or implied, contained in Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent an answer is required, NES specifically denies that it failed to properly pay any of its employees overtime wages, that any violations of the NMMWA occurred, that any alleged group of similarly situated others exist, or that Plaintiff's claims are proper for treatment as a class action. NES denies the remaining factual allegations, express or implied, contained in Paragraph 5 of the Complaint.

6.      The allegations in Paragraph 6 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent an answer is required, NES specifically denies that it failed to properly pay any of its employees overtime wages, that any violations of the NMMWA occurred, that any alleged group of similarly situated others exist, or that Plaintiff's claims are proper for treatment as a class action. NES denies the remaining factual allegations, express or implied, contained in Paragraph 6 of the Complaint.

7.      The allegations in Paragraph 7 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent an answer is required, NES specifically denies that it failed to properly pay any of its employees overtime wages, that any violations of the NMMWA occurred, that any alleged group of similarly situated others exist, or that Plaintiff's claims are proper for treatment as a class action. NES denies the remaining factual allegations, express or implied, contained in Paragraph 7 of the Complaint.

8.      The allegations contained in Paragraph 8 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 8 of the Complaint.

## II.   THE PARTIES

9.      NES is without knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint and, on that basis, denies the factual allegations, express or implied contained in Paragraph 9 of the Complaint.

10.     NES admits that Plaintiff was temporarily employed by NES from June 2020 to June 2021 to perform temporary work for NES on its client's worksite in New Mexico as a Site Quality Control Manager responsible for overseeing the overall implementation of the Project's Quality Control Plan. NES denies the remaining factual allegations, express or implied, contained in Paragraph 10 of the Complaint.

11.     NES admits that Plaintiff performed temporary work for NES on its client's worksite in New Mexico as a Site Quality Control Manager responsible for overseeing the overall implementation of the Project's Quality Control Plan. NES denies the remaining factual allegations, express or implied, contained in Paragraph 11 of the Complaint.

12.     NES denies the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is

required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 14 of the Complaint.

15.     NES denies the allegations contained in Paragraph 15 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

16.     The allegations contained in Paragraph 16 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies the factual allegations, express or implied, contained in Paragraph 16 of the Complaint.

### III.     JURISDICTION AND VENUE

17.     The allegations contained in Paragraph 17 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that the courts of the State of New Mexico have subject matter jurisdiction over the individual claims of Plaintiff made the subject of the Complaint. NES denies the remaining factual allegations, express or implied, contained in Paragraph 17 of the Complaint.

18.     The allegations contained in Paragraph 18 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that the courts of the State of New Mexico have subject matter

jurisdiction over the individual claims of Plaintiff made the subject of the Complaint. NES denies the remaining factual allegations, express or implied, contained in Paragraph 18 of the Complaint.

19.     The allegations contained in Paragraph 19 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES does not challenge the Court's assertion of personal jurisdiction over NES with respect to the individual claims of Plaintiff made the subject of the Complaint. NES denies the remaining factual allegations, express or implied, contained in Paragraph 19 of the Complaint.

20.     The allegations contained in Paragraph 20 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES admits that venue is proper in this District with respect to the individual claims of Plaintiff made the subject of the Complaint. NES denies the remaining factual allegations, express or implied, contained in Paragraph 20 of the Complaint and expressly denies that venue is proper in state court in Santa Fe County, New Mexico.

21.     The allegations contained in Paragraph 21 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 21 of the Complaint.

## IV.   ADDITIONAL [ALLEGED] FACTS

22.    NES admits that it is a staffing company that provides recruitment services to the oil and gas industry. NES denies the remaining factual allegations, express or implied, contained in Paragraph 22 of the Complaint.

23.    NES admits that Plaintiff performed temporary work for NES on its client's worksite in New Mexico as a Site Quality Control Manager responsible for overseeing the overall implementation of the Project's Quality Control Plan. NES denies the remaining factual allegations, express or implied, contained in Paragraph 23 of the Complaint.

24.    NES admits that Plaintiff performed temporary work for NES on its client's worksite in New Mexico as a Site Quality Control Manager responsible for overseeing the overall implementation of the Project's Quality Control Plan. NES denies the remaining factual allegations, express or implied, contained in Paragraph 24 of the Complaint.

25.    NES admits that it hired Plaintiff to perform temporary work for NES's client Siemens on its worksite in New Mexico as a Site Quality Control Manager responsible for overseeing the overall implementation of the Project's Quality Control Plan. NES denies the remaining factual allegations, express or implied, contained in Paragraph 25 of the Complaint.

26.    NES denies the allegations contained in Paragraph 26 of the Complaint.

27.    NES denies the allegations contained in Paragraph 27 of the Complaint.

28.    NES denies the allegations contained in Paragraph 28 of the Complaint.

29.    NES denies the allegations contained in Paragraph 29 of the Complaint.

30.    NES denies the allegations contained in Paragraph 30 of the Complaint.

31.    The allegations contained in Paragraph 31 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is

required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 31 of the Complaint.

32.     NES denies the allegations contained in Paragraph 32 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

33.     NES denies the allegations contained in Paragraph 33 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

34.     NES denies the allegations contained in Paragraph 34 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

35.     NES denies the allegations contained in Paragraph 35 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

36.     NES denies the allegations contained in Paragraph 36 of the Complaint.

37.     NES denies the allegations contained in Paragraph 37 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

38.     NES denies the allegations contained in Paragraph 38 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

39.     NES denies the allegations contained in Paragraph 39 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

40.     NES admits that Plaintiff was employed by NES to perform temporary work for NES on its client's worksite in New Mexico as a Site Quality Control Manager responsible for overseeing the overall implementation of the Project's Quality Control Plan. NES denies the remaining factual allegations, express or implied, contained in Paragraph 40 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

41.     The allegations contained in Paragraph 41 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES admits that it the right to hire, fire, and discipline Plaintiff and maintained control over its payroll and other employment practices applicable to Plaintiff. NES denies the remaining

factual allegations, express or implied, contained in Paragraph 41 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

42.     NES admits that NES and Plaintiff entered into a written employment agreement establishing the amount and type of compensation to be paid to Plaintiff for his work on NES's client's worksite in New Mexico as a Site Quality Control Manager. NES denies the remaining factual allegations, express or implied, contained in Paragraph 42 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

43.     The allegations contained in Paragraph 43 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 43 of the Complaint.

44.     NES denies the allegations contained in Paragraph 44 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

45.     The allegations contained in Paragraph 45 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, the NMMWA speaks for itself. NES denies the remaining factual allegations, express or implied, contained in Paragraph 45 of the Complaint.

46.     The allegations contained in Paragraph 46 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 46 of the Complaint.

47.     NES denies the allegations contained in Paragraph 47 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

48.     The allegations contained in Paragraph 48 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies the allegations contained in Paragraph 48 of the Complaint. NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

49.     The allegations contained in Paragraph 49 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is

required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 49 of the Complaint.

50.      The allegations contained in Paragraph 50 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 50 of the Complaint and expressly denies that Plaintiff was a non-exempt employee.

51.      The allegations contained in Paragraph 51 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 51 of the Complaint.

## V.      CAUSE OF ACTION: [ALLEGED] NMMWA VIOLATIONS

52.      NES incorporates and reasserts its answers and denials to each and every allegation contained in the foregoing Paragraphs 1 through 51 as if fully written herein.

53.     The allegations contained in Paragraph 53 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, NES admits that at all relevant times it has been an employer of Plaintiff as defined by the NMMWA. NES denies the remaining factual allegations, express or implied, contained in Paragraph 53 of the Complaint.

54.     The allegations contained in Paragraph 54 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, NES admits that at all relevant times it has been an enterprise in business as defined by the NMMWA. NES denies the remaining factual allegations, express or implied, contained in Paragraph 54 of the Complaint.

55.     The allegations contained in Paragraph 55 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, NES admits that that it temporarily employed Plaintiff from in or about June 2020 to in or about June 2021 to work for NES on its client's worksite in New Mexico as a Site Quality Control Manager responsible for overseeing the overall implementation of the Project's Quality Control Plan. NES denies the remaining factual allegations, express or implied, contained in Paragraph 55 of the Complaint.

56.     The allegations contained in Paragraph 56 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 56 of the Complaint.

57.     The allegations contained in Paragraph 57 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is

required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 57 of the Complaint.

58.     NES denies the allegations contained in Paragraph 58 of the Complaint.  NES further denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

59.     The allegations contained in Paragraph 59 of the Complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, NES admits that at all relevant times it has been an employer of Plaintiff as defined by the NMMWA. NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 59 of the Complaint.

60.     The allegations contained in Paragraph 60 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 60 of the Complaint.

61.     NES denies the allegations contained in Paragraph 62 of the Complaint. NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred.

62.     NES denies the allegations contained in Paragraph 62 of the Complaint.

63.     The allegations contained in Paragraph 63 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 63 of the Complaint.

64.     The allegations contained in Paragraph 64 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 64 of the Complaint.

65.     The allegations contained in Paragraph 65 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, the NMMWA speaks for itself. NES denies the remaining factual allegations, express or implied, contained in Paragraph 65 of the Complaint.

66.     The allegations contained in Paragraph 66 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 66 of the Complaint.

67.     The allegations contained in Paragraph 67 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 67 of the Complaint.

68.     The allegations contained in Paragraph 68 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 68 of the Complaint.

69.     The allegations contained in Paragraph 69 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of

the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 69 of the Complaint.

70.     The allegations contained in Paragraph 70 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 70 of the Complaint.

71.     The allegations contained in Paragraph 71 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 71 of the Complaint.

72.     The allegations contained in Paragraph 72 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 72

73.     The allegations contained in Paragraph 73 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is

required, NES acknowledges that Plaintiff seeks to recover his attorneys' fees, costs, and expenses under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 73 of the Complaint. of the Complaint.

74.     The allegations contained in Paragraph 74 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 74 of the Complaint.

75.     The allegations contained in Paragraph 75 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 75 of the Complaint.

## VI.    CLASS ACTION ALLEGATIONS

76.     NES incorporates and reasserts its answers and denials to each and every allegation contained in the foregoing Paragraphs 1 through 75 as if fully written herein.

77.     The allegations contained in Paragraph 77 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff

is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 77 of the Complaint.

78.     NES admits that it temporarily employed Plaintiff from in or about June 2020 to in or about June 2021 to work for NES on its client's worksite in New Mexico as a Site Quality Control Manager responsible for overseeing the overall implementation of the Project's Quality Control Plan. NES denies that Plaintiff's claims are proper for treatment as a class action. NES denies the remaining factual allegations, express or implied, contained in Paragraph 78 of the Complaint.

79.     The allegations contained in Paragraph 79 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES acknowledges that Plaintiff purports to bring this action for unpaid overtime wages under the NMMWA but denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 79 of the Complaint.

80.     The allegations contained in Paragraph 80 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES a denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 80 of the Complaint.

81.     The allegations contained in Paragraph 81 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies the factual allegations, express or implied, contained in Paragraph 81 of the Complaint and expressly denies that Plaintiff's claims are proper for treatment as a class action.

82.     The allegations contained in Paragraph 82 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies the factual allegations, express or implied, contained in Paragraph 82 of the Complaint and expressly denies that Plaintiff's claims are proper for treatment as a class action.

83.     The allegations contained in Paragraph 83 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies the factual allegations, express or implied, contained in Paragraph 83 of the Complaint and expressly denies that Plaintiff's claims are proper for treatment as a class action.

84.     The allegations contained in Paragraph 84 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies the factual allegations, express or implied, contained in Paragraph 84 of the Complaint and expressly denies that Plaintiff's claims are proper for treatment as a class action.

85.     The allegations contained in Paragraph 85 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies the factual allegations, express or implied, contained in Paragraph 85 of the Complaint and expressly denies that Plaintiff's claims are proper for treatment as a class action.

86.     The allegations contained in Paragraph 86 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff

is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 86 of the Complaint.

87.    The allegations contained in Paragraph 87 of the Complaint contain arguments of law and call for a legal conclusion to which no answer is required. To the extent a response is required, NES denies that Plaintiff's claims are proper for treatment as a class action, that Plaintiff is entitled to any unpaid overtime wages, damages, or other relief sought, or that any violations of the NMMWA occurred. NES denies the remaining factual allegations, express or implied, contained in Paragraph 87 of the Complaint.

## VII.    JURY DEMAND

88.    In response to Paragraph 88 of the Complaint, NES admits that Plaintiff has requested a trial by jury.

## VIII.    [PLAINTIFF'S] RELIEF SOUGHT

89.    NES acknowledges that Plaintiff purports to seek the relief requested in Paragraph 89 and subparts (a) through (j) on behalf of himself and the putative class members. However, NES denies that Plaintiff suffered any damages or is entitled to the relief sought in Paragraph 89 or subparts (a) through (j) and specifically denies that Plaintiff's claims are proper for class treatment, that any alleged group of similarly situated others exist and are entitled to any unpaid overtime wages, or that the proposed class exists or is properly defined.

## DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

By asserting these defenses as they pertain both to the named Plaintiff and prospective members of the proposed class, NES does not waive its assertion that this case is not an appropriate one for class treatment. Furthermore, without conceding that it bears the burden of proof as to any issue, NES asserts the following defenses to Plaintiff's Complaint:

1.     Plaintiff's claim fails, in whole or in part, to state any claims upon which relief can be granted.

2.     This case may not be maintained as a class or collective action because the named Plaintiff is not similarly situated to or otherwise adequate representatives for the persons whom he purports to represent and, thus, he cannot establish the existence of each requirement under the New Mexico Minimum Wage Act, N.M.S.A. §§ 50-4-19 *et. seq* ("NMMWA"), nor is the case appropriate to be certified or maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

3.     Plaintiff and those alleged to be similarly situated have been paid all compensation to which they are legally entitled.

4.     Plaintiff's claims and/or the claims of anyone Plaintiff seeks to represent are barred, in whole or in part, by the applicable statute(s) of limitations.

5.     Some or all of the claims of Plaintiff and/or the putative class members are barred because they received, or were offered and refused, all payments to which they were entitled under the law pursuant to the NMMWA or otherwise.

6.     The claims of Plaintiff and members of the putative class are barred, in whole or in part, because Plaintiff and other members of the putative class were covered by one or more of the overtime exemptions contained in or implied by all applicable state and federal laws, rules, and

regulations, including, but not limited to, the exemptions in 29 U.S.C. § 213(a) and 29 C.F.R. Part 451, and analogous provisions of the NMMWA.

7.      If Plaintiff and/or the putative class members performed work activities that they did not record as work and for which they were not paid, Defendant did not permit, know of, or have reason to know of these work activities or the time spent in performing those activities. Therefore, time spent in performing such activities does not constitute "hours worked" or "employment" for which compensation is due.

8.      Some of all of the time Plaintiff and/or the putative class members spent performing uncompensated work, if any, does not count as hour worked or compensable time because: (1) any activities performed were not suffered or permitted; (2) the time was commuting, travelling, walking, or waiting time that is excluded from hours worked; (3) the time was preliminary or post-liminary time that is excluded from hours worked; (4) the time is *de minimis* time that is excluded from hours worked; (5) the time is otherwise excluded from hours worked under the NMMWA and analogous provisions of the Portal-to-Portal Act; or (6) the alleged activities did not occur.

9.      If and to the extent that the Court finds that any wages are due, Defendant intends to rely on the alternative methods for determining overtime compliance, the regular rate, and overtime provided under the NMMWA and analogous provisions of the Fair Labor Standards Act and Department of Labor regulations and guidance thereunder.

10.     The types of claims alleged by Plaintiff on behalf of himself and those alleged to be similarly situated are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

11.     Plaintiff lacks standing or authority to raise some or all of the class claims alleged or to seek relief for the individuals he purports to represent.

12. Plaintiff is not entitled to certification of the class claims alleged in the Complaint or to seek relief for the individuals he purports to represent pursuant to the NMMWA because the proposed class as defined in the Complaint is overly broad and unmanageable.

13. Plaintiff is not entitled to certification of the class claims alleged in the Complaint or to seek relief on behalf of the individuals he purports to represent pursuant to the NMMWA because he cannot adequately represent the interests of the proposed class.

14. Plaintiff is not entitled to certification of the class claims alleged in the Complaint or to seek relief on behalf of the individuals he purports to represent pursuant to the NMMWA because he is not similarly situated to members of the proposed class to whom he purports and seeks to represent and cannot identify a group of similarly situated employees or former employees of Defendant.

15. Plaintiff is not entitled to certification of the class claims alleged in the Complaint or to seek relief on behalf of the individuals he purports to represent pursuant to the NMMWA because he did not define the proposed class clearly and objectively.

16. Without conceding that Plaintiff or others alleged to be similarly situated have suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's alleged damages are speculative and uncertain, or both, and therefore non-compensable. The Complaint fails to allege any dates or periods of alleged overtime work and fails to allege any amount of wages allegedly owed.

17. Without conceding that Plaintiff or others alleged to be similarly situated have suffered any damages as a result of any wrongdoing by Defendant, any violations of the NMMWA were not a continuing course of conduct and, therefore, any claims must be measured against a three-year statute of limitations.

18.     Without conceding that Plaintiff or others alleged to be similarly situated have suffered any damages as a result of any wrongdoing by Defendant, Plaintiff and others alleged to be similarly situated may not recover liquidated or treble damages because the NMMWA permits the award of such damages only for minimum wage violations, but not for overtime violations.

19.     Without conceding that Plaintiff or others alleged to be similarly situated have suffered any damages as a result of any wrongdoing by Defendant, Plaintiff and others alleged to be similarly situated may not recover liquidated or treble damages because: (1) Defendant and all of its officers, managers, or agents acted in good faith and did not commit any willful violations of any provisions of the NMMWA.; (2) Defendant and all of its officers, managers, or agents did not authorize or ratify any willful violations with respect to Plaintiff and those alleged to be similarly situated to him; and (3) Plaintiff and those alleged to be similarly situated to him have failed to plead facts sufficient to support recovery of such damages.

## RESERVATION OF RIGHTS

NES reserves the right to assert any additional affirmative defenses in accordance with law or that may be discovered during the course of additional investigation and discovery, and to seek attorneys' fees and costs under any applicable statute.

## PRAYER

WHEREFORE, Defendant NES Global, LLC respectfully requests that Plaintiff take nothing, that Plaintiff's claims be dismissed with prejudice, and that this Court award all other and further relief, both general and special, legal and equitable, to which it may be justly entitled.

**Dated:** **October 21, 2022**

Respectfully submitted,
**BAKER & HOSTETLER LLP**

By:    */s/ Ashlee Cassman Grant*
Ashlee Cassman Grant
Federal Bar ID 22-268
811 Main Street, Suite 1100
Houston, TX  77002
Phone: (713) 646-1364
agrant@bakerlaw.com

Amber L. Buckheister
Federal Bar ID 22-254
811 Main Street, Suite 1100
Houston, TX  77002
Phone: (713) 646-1375
abuckheister@bakerlaw.com

Justin A. Guilfoyle
45 Rockefeller Plaza
New York, NY 10111
Phone: (212) 589-4607
jguilfoyle@bakerlaw.com

**ATTORNEYS FOR DEFENDANT**
**NES GLOBAL, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served *via* electronic service on this 21st day of October 2022, on the following counsel of record:

Justin R. Kaufman
Rosalind B. Bienvenu
Caren I. Friedman
DURHAM, PITTARD & SPALDING, LLP
505 Cerrillos Road, Suite A209
Santa Fe, New Mexico 87501

Michael A. Josephson
Andrew W. Dunlap
Alyssa White
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

   / s /   *Ashlee Cassman Grant*
Ashlee Cassman Grant